IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CT-3071-FL

| | |
|---|---|
| ANTHONY T. GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MR. FERENCAK, MR. NEEDHAM, and ) | |
| A. LAWSON, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state pretrial detainee proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915(e)(2). The matter also is before the court on plaintiff's motions to appoint counsel (DE 4) and for assistance regarding vehicle (DE 7).

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327).

Plaintiff's complaint alleges the following:

> I was placed under arrest for alleged crimes in which my car keys nor my car were involved in [the alleged criminal conduct]. However [sic] detectives seized my car keys which handicapped me from being able to have my car moved, eventually resulting in my car being towed [and] later lost.

(Compl. (DE 1) § V). Based on the foregoing, plaintiff asserts defendants deprived him of his property "without due process of law." (Id.) Plaintiff thus attempts to assert a Fourteenth Amendment due process claim based on defendants' actions allegedly causing loss of his personal property.

The negligent act of a state official in depriving an arrestee of personal property, however, does not state a claim for violation of the Due Process Clause. Daniels v. Williams, 474 U.S. 327, 333 (1986) ("Where a government official's act causing injury to life, liberty, or property is merely negligent, no procedure for compensation is constitutionally required." (internal quotation omitted)). And even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause . . . if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). North Carolina law provides for a state law conversion claim against public officials who wrongfully deprive an owner of his property, which is an adequate postdeprivation remedy. Wilkins v. Whitaker, 714 F.2d 4, 7 (4th Cir. 1983) (citing Gallimore v. Sink, 27 N.C. App. 65, 67 (1975)).

Plaintiff's complaint is thus frivolous because plaintiff cannot maintain a Fourteenth Amendment due process claim based on loss of his property in these circumstances. Plaintiff has an adequate postdeprivation remedy – a tort claim for conversion, which must be filed in North Carolina state court or with the North Carolina Industrial Commission. Id.

Based on the foregoing, the complaint is DISMISSED with prejudice as frivolous. Plaintiff's motions to appoint counsel (DE 4) and for assistance regarding vehicle (DE 7) are DENIED as moot. The clerk of court is DIRECTED to close this case.

SO ORDERED, this 21st day of November, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge